UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESSEX INSURANCE COMPANY,

        Plaintiff,

vs.

DETROIT BULK STORAGE, INC.,
THE MORTON SALT COMPANY,
UNITED STATES STEEL CORP., and
PRAXAIR, INC.,

        Defendants.
_____/

Civil Action No.
11-cv-13277

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER
**(1) HOLDING IN ABEYANCE PLAINTIFF ESSEX INSURANCE COMPANY'S MOTION TO STRIKE DEFENDANTS' JURY DEMAND (Dkt. No. 87);
(2) HOLDING IN ABEYANCE CROSS-DEFENDANT PRAXAIR, INC.'S MOTION TO DISMISS CROSS-PLAINTIFF MORTON SALT INC.'S CROSS CLAIM (Dkt. No. 66),
(3) HOLDING IN ABEYANCE CROSS-DEFENDANT PRAXAIR, INC.'S MOTION TO DISMISS CROSS-PLAINTIFF DETROIT BULK STORAGE'S CROSS CLAIM (Dkt. No. 67),
(4) ORDERING DISCOVERY ON PLAINTIFF ESSEX INSURANCE COMPANY'S ADMIRALTY LIABILITY UNDER THE WHARFINGER INSURANCE CONTRACT,
and
(5) STAYING ALL OTHER ISSUES**

This is a declaratory judgment action involving whether an insurer, Essex Insurance Company ("Plaintiff" or "Essex"), pursuant to a maritime insurance contract, is required to provide coverage regarding an incident that occurred on January 28, 2011. Essex filed the Complaint in this action on July 27, 2011. (Dkt. No. 1.) The Complaint named Detroit Bulk Storage, Inc. ("DBS"), and the Morton Salt Company ("Morton") as Defendants. Plaintiff filed an Amended Complaint on August 17, 2011, adding United States Steel Corporation ("US Steel") and Praxair, Inc. ("Praxair")

1

as Defendants. (Dkt. No. 7.)

Defendants Morton and DBS filed a concurrent action in Wayne County Circuit Court on September 1, 2011, alleging breach of insurance contract against both Plaintiff and Frankenmuth Mutual Insurance Co. ("Frankenmuth"). On April 13, 2012, the state-court case was dismissed without prejudice. (Dkt. No. 46.)

On January 30, 2012, Defendant Praxair filed an Amended Answer to the Amended Complaint, including a demand for a jury trial.[1] On May 23, 2012, this Court denied Defendant Morton's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. No. 47.) Thereafter, on June 20, 2012, Defendant Morton filed an Answer to the Amended Complaint, including a counterclaim against Plaintiff, a crossclaim against Frankenmuth, and a crossclaim against Defendant Praxair, and a demand for a jury trial. (Dkt. No. 52.) Also on June 20, 2012, Defendant DBS filed a counterclaim against Plaintiff and a crossclaim against third-party Defendant Frankenmuth Insurance, and against Defendants US Steel and Praxair, also demanding a jury trial. (Dkt. Nos. 55 and 56.)

On July 11, 2012, Defendant Praxair filed a Motion to Dismiss Defendant Morton's Cross Claim, and a Motion to Dismiss Defendant DBS's Cross Claim. (Dkt. Nos. 66 and 67.) Defendants Morton and DBS filed Responses on August 13, 2012. (Dkt. Nos. 76 and 77.) Defendant Praxair filed replies to Defendant Morton's Response and Defendant DBS's Response on August 31, 2012, and September 4, 2012, respectively. (Dkt. Nos. 79 and 81.)

On September 19, 2012, Plaintiff filed a Motion to Strike Defendants' Jury Demand. (Dkt.

---

[1] Defendant Praxair filed its first Answer on January 9, 2012, which also included a demand for a jury trial. (Dkt. No. 36.)

2

No. 87.) Defendants Praxair and DBS filed their Responses on October 9, 2012. (Dkt. Nos. 90 and 91.) Defendant Morton filed a Response on October 10, 2012. (Dkt. No. 92.) Plaintiff filed a single Reply to all Defendants' responses on October 23, 2012. (Dkt. No. 95.)

The Court held a hearing on all three motions on December 17, 2012.

The sole basis for federal jurisdiction is the Essex Insurance admiralty wharfinger insurance policy.

For the reasons stated below, the Court will:

(1) **HOLD IN ABEYANCE** Plaintiff Essex Insurance Company's Motion to Strike Defendants' Jury Demands;

(2) **HOLD IN ABEYANCE** Cross-Defendant Praxair, Inc.'s Motion to Dismiss Cross-Plaintiff Detroit Bulk Storage's Cross Claim;

(3) **HOLD IN ABEYANCE** Cross-Defendant Praxair, Inc.'s Motion to Dismiss Cross-Plaintiff Morton Salt Inc.'s Cross Claim;

(4) **ORDER** that the parties conduct discovery only on the issue of Plaintiff Essex's liability under the admiralty wharfinger insurance contract at issue; and

(5) **STAY** all other matters.

## I. BACKGROUND

The underlying facts in this case were summarized in the Court's May 23, 2012 Opinion and Order, which stated as follows:

> Plaintiff alleges that it issued a marine insurance policy (the "Policy") to Defendant DBS on July 16, 2010. The Policy insured property located at 530 East Great Lakes Avenue in River Rouge, Michigan, which was owned by Defendant US Steel and used by Defendant DBS under a lease agreement. The Policy included the

3

following language:

### WHARFINGER'S LEGAL LIABILITY

This company will pay those sums that the Insured, as Wharfingers, become legally obligated to pay as damages because of liabilities imposed upon the Insured because of accidental loss or damage which may occur:

A. To watercraft and equipment, cargoes, freights, *and other interests on board* while in the care, custody or control of the Insured;

B. *To any property caused by* said watercraft and *their cargoes*;

all while at the locations described in the Liabilities Coverage Part Supplemental Declarations or adjacent moorings and *resulting from or arising out of the Insured's mooring or docking operations*.

(Am. Compl., Ex. A, Ins. Policy 8) (emphasis added.)

On July 16, 2010, at the request of Defendant DBS, Plaintiff amended the Policy to include Defendant Morton as an additional insured.

On January 26, 2011,[2] a freighter unloaded 11,000 tons of salt owned by Defendant Morton on top of a preexisting 90,000-ton pile of salt, also owned by Defendant Morton, at Defendant DBS's River Rouge facility. On January 28, 2011, the ground underneath the salt pile caved in, causing the salt to fall into a hole that filled with water from the St. Clair Canal. In addition, the cave-in damaged water mains owned and used by Defendant Praxair. Defendant Morton was able to recover 80,000 tons of the salt, but approximately 20,000 tons remained in the hole.

---

[2]The Amended Complaint alleges that the 11,000 tons of salt was unloaded "[o]n or about January 26, 2011 . . . ." (Am. Compl. ¶ 17.) However, at the December 17, 2012 hearing on the instant motions, counsel for Plaintiff Essex did not know if the salt was unloaded on January 26 or January 27, 2011. Counsel for Defendant DBS said she would promptly provide that information to the Court. The Court has not yet received that information.

4

> Defendants Morton, US Steel and Praxair have asserted claims against Defendant DBS for the loss and/or destruction of their property caused by the cave-in. Plaintiff alleges that the primary insurer responsible for general liability is Frankenmuth Insurance Company. Plaintiff seeks a declaratory judgment that its wharfinger's liability policy affords no coverages for the claims asserted by US Steel and Praxair against Defendants DBS and Morton.

(May 23, 2012 Op. and Order at 2-3 (footnotes omitted).)

Defendant Morton alleges in its crossclaim that Defendant Praxair's water mains underneath the salt pile were leaky and defective, which contributed to the collapse of the earth beneath the salt pile. (Def. Morton's Crossclaim Against Def. Praxair ¶ 8.)

## II. ANALYSIS

As an initial matter, the Court notes that the only basis for federal jurisdiction that has been asserted in this matter is Essex's claim of admiralty jurisdiction under 28 U.S.C. § 1333(1). There are no claims arising under federal statutes, and there is no diversity of citizenship among the parties.

The Court further notes the following language from the Amended Complaint:

> This is an action for declaratory relief . . . in that a present controversy exists between the parties hereto in which the Plaintiff is asking this Court to adjudicate and determine the rights of the parties under a policy of marine insurance which is in dispute.

(Am. Compl. ¶ 1.) Plaintiff's claims in the instant matter are thus limited to the dispute regarding coverage of the marine insurance policy between Plaintiff and Defendants DBS and Morton. This is not a general negligence action. Furthermore, neither Defendants Praxair nor Frankenmuth is a party to the contract of marine insurance at issue.

In its May 23, 2012 Opinion and Order, this Court found that admiralty jurisdiction applied to the marine insurance policy at issue because "the principal objective of the contract is to insure

5

against loss *to ships and their cargo and equipment* while they are docked at the wharf." (May 23, 2012 Op. and Order at 6.) The relevant inquiry in this matter is therefore whether the incident on January 28, 2011, involved any ship, ship's cargo, or ship's equipment, and whether the incident arose out of Defendant DBS's mooring and docking operations.

The issues raised by Defendants DBS and Morton's crossclaims against Defendant Praxair are separate from the Essex wharfinger insurance contract that is the basis for this action. As noted *supra*, Defendant Praxair is not a party to the insurance contract at issue in the instant case. The Court will therefore hold Defendant Praxair's motions to dismiss these claims in abeyance, pending resolution of Plaintiff's claims which are the basis for admiralty jurisdiction in this matter. The Court will also hold in abeyance Plaintiff's Motion to Strike Defendants' Jury Demands.

The parties are ordered to proceed with discovery as to the issues relevant to Plaintiff Essex's admiralty claim only. At the December 17, 2012 hearing, the parties agreed that six months was a sufficient amount of time to conduct discovery on this issue. After this discovery is completed, the parties may file motions regarding Plaintiff Essex's liabilty under the Essex wharfinger insurance contract. After that issue is resolved, the Court will deal with all other matters, if appropriate.

### III. CONCLUSION

For the reasons stated above, the Court will:

(1) **HOLD IN ABEYANCE** Plaintiff Essex Insurance Company's Motion to Strike Defendants' Jury Demands;

(2) **HOLD IN ABEYANCE** Cross-Defendant Praxair, Inc.'s Motion to Dismiss Cross-Plaintiff Detroit Bulk Storage's Cross Claim;

(3) **HOLD IN ABEYANCE** Cross-Defendant Praxair, Inc.'s Motion to Dismiss Cross-

Plaintiff Morton Salt Inc.'s Cross Claim;

(4) **ORDER** that the parties conduct discovery only on the issue of Plaintiff Essex's liability under the admiralty wharfinger insurance contract at issue; and

(5) **STAY** all other matters.

SO ORDERED.

Dated: 12-28-12
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE