

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESSEX INSURANCE COMPANY,

      Plaintiff,

vs.

DETROIT BULK STORAGE, INC.,
THE MORTON SALT COMPANY,
UNITED STATES STEEL CORP., and
PRAXAIR, INC.,

      Defendants.
_____/

Civil Action No.
11-cv-13277

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER**
**(1) GRANTING MORTON SALT'S MOTION TO VOLUNTARILY DISMISS ITS COUNTERCLAIM AGAINST ESSEX AND DISMISSING MORTON'S COUNTERCLAIM *WITH PREJUDICE* IF MORTON DOES NOT WITHDRAW THE MOTION WITHIN 14 DAYS OF THE DATE OF THIS OPINION AND ORDER (Dkt. No. 124),**
**(2) DENYING PLAINTIFF'S MOTION FOR CLARIFICATION (Dkt. No. 128),**
**(3) GRANTING MORTON SALT'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE (Dkt. No. 139), and**
**(4) ORDERING THAT THE DISCOVERY CLOSURE DATE BE EXTENDED BY 30 DAYS FROM THE DATE OF ENTRY OF THIS OPINION AND ORDER**

The Court has before it three motions filed by Defendant Morton Salt, Inc. ("Morton") and Plaintiff Essex Insurance Company ("Essex"):

(1) Defendant Morton's Motion to Voluntarily Dismiss Its Counterclaim Against Plaintiff Essex and to Dismiss Essex' Declaratory Action for Lack of Subject Matter Jurisdiction, filed on March 20, 2013 (Dkt. No. 124),

(2) Plaintiff's Motion for Clarification, filed on April 4, 2013 (Dkt. No. 128), and

1

(3) Defendant Morton's Motion for Extension of Discovery Deadline, filed on April 30, 2013 (Dkt. No. 139).

Plaintiff Essex did not file a response to Morton's motion to voluntarily dismiss. However, Plaintiff's Motion for Clarification responds to the arguments made by Defendant Morton in its motion to voluntarily dismiss. On April 10, 2013, Morton filed its Objections and Response to Essex' Motion for Clarification. (Dkt. No. 133.) On April 15, 2013, Essex filed a Response in Support of Motion for Clarification. (Dkt. No. 134.)

On April 30, 2013, Morton filed a Motion for Extension of Discovery Deadline, requesting an additional 30 days of discovery after the Court's ruling on Morton's motion to voluntarily dismiss. (Dkt. No. 139.)

The Court, having read the pleadings, finds that a determination without a hearing is appropriate pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons stated below, the Court will:

(1) GRANT Morton's Motion to Voluntarily Dismiss Its Counterclaim Against Essex and DISMISS Morton's counterclaim WITH PREJUDICE if Morton does not withdraw the Motion within two weeks of the date of this Opinion and Order;

(2) DENY Plaintiff's Motion for Clarification,

(3) GRANT Morton Salt's Motion for Extension of Discovery Deadline, and

(4) ORDER that the discovery closure date be extended by 30 days from the date of entry of this Opinion and Order.

## I. BACKGROUND

This case arises out of a wharfinger liability insurance policy issued by Plaintiff Essex to

Defendants Morton and Detroit Bulk Storage, Inc. ("DBS"). The policy insured a docking facility located at 530 East Great Lakes Avenue in River Rouge, Michigan. The docking facility was used by Defendant DBS under a lease agreement from Defendant United States Steel Corporation ("US Steel").

On January 28, 2011, the ground underneath a large salt pile located at the docking facility caved in, causing damage to the docking facility and a loss of approximately 20,000 tons of salt, which was owned by Morton. After an investigation as to the cause of the incident, Essex filed this declaratory judgment action, alleging that its wharfinger's liability policy affords no coverage for damages related to the January 28, 2011 incident. The Complaint alleged that jurisdiction in this United States District Court was based on admiralty. (Compl. ¶ 3.) On June 20, 2012, Defendant Morton filed a counterclaim alleging that Essex breached the wharfinger insurance contract by refusing coverage for the January 28, 2011 incident. (Dkt. No. 52.)

This Court's jurisdiction has been thoroughly contested by Defendants Morton and DBS. Both Defendants filed motions to dismiss for lack of subject matter jurisdiction. (Dkt. Nos. 11, 12.) In addition to oral argument, the briefing, which is fully outlined in this Court's May 23, 2012 Opinion and Order Denying Defendant Morton's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 47), consisted of the two motions filed by Defendants, a response, two replies, a sur-reply, a supplemental brief, and two responses to the supplemental brief. (May 23, 2012 Op. and Order Denying Def. Morton's Mot. to Dismiss 1-2.) This Court concluded that it had admiralty jurisdiction over the wharfinger insurance contract at issue, because "the principal objective of the contract is to insure against loss to ships and their cargo and equipment while they are docked at the wharf." (*Id.* at 6.)

3

While contesting this Court's jurisdiction, Defendants Morton and DBS also filed an action for breach of contract against Plaintiff Essex in state court based on the very same January 28, 2011. Plaintiff contends that the state court action "was identical [to the instant federal action] because it involved exactly the same occurrence (the collapse of the dock) and exactly the same legal dispute (the coverage afforded by the wharfinger policy)." (Pl.'s Mot. for Clarification 3.) On April 13, 2012, the state court granted Essex's motion for summary disposition and dismissed the action brought by Morton and DBS. (Pl.'s Mot. for Clarification, Ex. A, State Court Order.) Notably, the state court dismissed DBS and Morton's claims without prejudice and specifically provided, "[i]n the event Essex's action in federal court is dismissed, Plaintiffs [Morton and DBS] may file a new action." (Pl.'s Mot. for Clarification, Ex. A, State Court Order.)

On March 20, 2013, Defendant Morton filed the instant Motion to Voluntarily Dismiss Its Counterclaim Against Essex and to Dismiss Essex' Declaratory Action for Lack of Subject Matter Jurisdiction. Morton contends that it "has decided that it no longer wishes to contest Essex' denial of coverage for the [January 28, 2011 incident]." (Def.'s Mot to Voluntarily Dismiss at 2.) In support of its motion, Morton attaches the Affidavit of Andrew J. Kotlarz, the Vice President of Finance, and CFO for Defendant Morton. (Def.'s Mot. to Voluntarily Dismiss, Ex. 1, Kotlarz Aff.) Mr. Kotlarz states that "Morton does not contest Essex' assertion that it has no duty to defend or indemnify Morton under the [wharfinger] Policy for this Occurrence." (Kotlarz Aff. ¶ 4.) Defendant Morton has also attached a Proposed Order providing for the dismissal of Essex's Complaint in this matter for lack of subject matter jurisdiction. (Def.'s Mot. to Voluntarily Dismiss, Ex. 3, Proposed Order.)

Plaintiff attached to its Motion for Clarification an email exchange between Plaintiff's

counsel and Defendant Morton's counsel. (Pl.'s Mot. for Clarification, Ex. D, Emails.) In this email exchange, counsel for both parties discuss a possible dismissal of Essex's and Morton's claims with prejudice. Although counsel for Morton expresses a willingness to enter into a stipulated dismissal with prejudice in a March 5, 2013 email, the parties have not reached an agreement on a dismissal with prejudice. (*Id.*) Defendant Morton ultimately filed its motion to voluntarily dismiss on March 20, 2013.

## II. ANALYSIS

*1. Defendant Morton's Motion to Voluntarily Dismiss Its Counterclaim*

Morton seeks to voluntarily dismiss its counterclaim against Essex pursuant to Federal Rule of Civil Procedure 41. Morton has submitted evidence that it no longer wishes to contest Plaintiff Essex's denial of coverage. (Kotlarz Aff. ¶¶ 3-4.)

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Dismissal of a claim under this rule is within the Court's discretion. *Commodities Export Co. v. Detroit Intern. Bridge Co.*, 695 F.3d 518, 530 (6th Cir. 2012). "Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

In the instant matter, the Court finds that dismissal with prejudice is proper. The "game playing" of filing and dismissing lawsuits in different jurisdictions is over, at least in this jurisdiction.

The Court notes that Plaintiff is entitled to notice of this Court's intention to dismiss its counterclaim with prejudice, an opportunity to be heard in opposition to dismissal with prejudice,

and an opportunity to withdraw its request for voluntary dismissal. *Michigan Surgery Investment, LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010). Accordingly, the Court will allow Plaintiff 14 days from the date of entry of this Opinion and Order to either respond in opposition or to withdraw its motion to voluntarily dismiss its counterclaim. Otherwise, the Court will **GRANT** Plaintiff's motion and **DISMISS** its counterclaim against Essex **WITH PREJUDICE**.

*2. Defendant Morton's Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Defendant Morton argues that a justiciable controversy no longer exists between Morton and Essex, and that the Court should therefore dismiss Plaintiff's declaratory judgment action against Morton for lack of subject matter jurisdiction. In response, Plaintiff Essex contends that, by seeking a dismissal for lack of subject matter jurisdiction, and thus a dismissal "without prejudice," Defendant Morton is seeking to escape federal jurisdiction. Plaintiff argues that if this Court grants Defendant's motion, Defendant Morton will simply re-file its breach of contract claim against Essex as a plaintiff in state court, and that Essex is entitled to a declaratory ruling in this Court. The Court agrees.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, --- U.S. ---, 131 S.Ct. 2860, 2864 (2011). "In recognition of the Constitution's limit on judicial authority, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits a court to enter declaratory relief only '[i]n a case of actual

6

controversy . . . .'" *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009). A court lacks jurisdiction under the Declaratory Judgment Act "when the claimant lacks standing, that is, 'a sufficiently concrete and redressable interest in the dispute.'" *Id.* (citation omitted). "Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (citation omitted).

Defendant Morton argues that this Court lacks subject matter jurisdiction because Morton has voluntarily withdrawn any claims against Essex under the wharfinger policy. However, Defendant Morton may seek to reassert claims at any time in another court. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation and internal punctuation omitted).

The Court finds that the possibility of reassertion of Defendant Morton's breach of contract claim against Essex in another court is sufficient to create a justiciable case or controversy for purposes of Article III and the Declaratory Judgment Act. In so holding, the Court finds significant the following facts:

- Defendant Morton previously asserted a breach of contract claim against Plaintiff Essex in state court, which the state court dismissed without prejudice, specifically noting that Defendant Morton could reassert its claim if this federal action was dismissed.
- Although Defendant Morton expressed a willingness to agree to a stipulated dismissal with prejudice, counsel for Defendant Morton rejected Plaintiff's proposed dismissal with

7

prejudice. (Pl.'s Mot. for Clarification, Ex. D, Emails.) The Court is unaware of any covenant not to sue or other stipulation by Defendant Morton that would prevent Morton from reasserting its claims against Plaintiff Essex after dismissal.

Accordingly, because Defendant may reassert its claims against Essex in state court, and because Defendant Morton has declined Plaintiff's offer to stipulate to a dismissal with prejudice, the Court finds that an actual controversy exists that confers jurisdiction and permits the relief provided under the Declaratory Judgment Act. Defendant Morton's request to dismiss Essex's declaratory action for lack of subject matter jurisdiction is therefore **DENIED**.

*3. Plaintiff's Motion for Clarification*

In its Motion for Clarification, Plaintiff requests that the Court deny Defendant Morton's request for a dismissal without prejudice for lack of subject matter jurisdiction and issue an order dismissing Defendant Morton's claims with prejudice. (Pl.'s Mot. for Clarification 2.) Plaintiff's motion is effectively a response to Defendant Morton's motion; it only presents arguments as to why the Court should deny Defendant Morton's motion. Accordingly, the Court will **DENY** Plaintiff's Motion for Clarification.

*4. Motion for Extension of Discovery Deadline*

Defendant Morton seeks an order extending the discovery closure date by an additional 30 days after the Court's ruling on Defendant's Motion to Voluntarily Dismiss Its Counterclaim Against Essex and to Dismiss Essex' Declaratory Judgment Action for Lack of Subject Matter Jurisdiction. The Court will **GRANT** Defendant's motion. The discovery closure date will be extended by an additional 30 days from the date of entry of this Opinion and Order.

## III. CONCLUSION

For the reasons stated above, the Court will:

(1) **GRANT** Morton's Motion to Voluntarily Dismiss Its Counterclaim Against Essex and **DISMISS** Morton's counterclaim **WITH PREJUDICE** if Morton does not withdraw the Motion within two weeks of the date of this Opinion and Order;

(2) **DENY** Plaintiff's Motion for Clarification,

(3) **GRANT** Morton Salt's Motion for Extension of Discovery Deadline, and

(4) **ORDER** that the discovery closure date be extended by 30 days from the date of entry of this Opinion and Order.

**SO ORDERED.**

Dated: MAY 0 3 2013
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

9