UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT BULK STORAGE, INC.

    Cross Plaintiff,

v.

FRANKENMUTH MUTUAL INSURANCE
COMPANY, UNITED STATES STEEL CORP.,
and PRAXAIR, INC.

    Cross Defendants.
_____/

Case No. 11-13277

Paul D. Borman
United States District Judge

ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER PLAINTIFF DETROIT
BULK STORAGE'S CROSS COMPLAINT AGAINST DEFENDANTS  FRANKENMUTH
MUTUAL INSURANCE COMPANY, UNITED STATES STEEL CORP. AND PRAXAIR,
INC. (Dkt. No. 55)

    This action arises from the structural failure of a dock which collapsed and created an open void on January 28, 2011.  (Dkt. No. 118, giving date of incident).  In addition to the structural failure of the dock, salt which had been unloaded on to the dock prior to the collapse, fell into the void.

    The action was originally filed by Plaintiff Essex Insurance ("Essex") on July 27, 2011 against Defendants Detroit Bulk Storage ("DBS") and Morton Salt Company ("Morton").  (Dkt. No. 1).  Essex amended its complaint on August 17, 2011 and added United States Steel Corp. and Praxair, Inc. as additional defendants.  (Dkt. No. 7, Am. Compl.).  In the Amended Complaint, Essex sought a declaratory judgment from this Court that DBS and Morton were not entitled to coverage under a marine insurance contract for the collapse of the dock, and also asserting that any claim for damages asserted by Defendants Praxair or US Steel against DBS or Morton were excluded under that same policy.

Thereafter, there was a flurry of cross and counter complaints filed in this action as well as litigation over the proper forum for the proceeding.[1] (*See* Dkt. No. 47, Order denying Motion to Dismiss and finding admiralty jurisdiction applies to the insurance contract at issue, at 6-7). Significantly, DBS filed a counter complaint against Essex and also a cross complaint against Frankenmuth Mutual Insurance Company ("Frankenmuth"),[2] US Steel, and Praxair. (Dkt. No. 55). Morton is no longer a party in this action as it dismissed its all of its claims and Essex dismissed its claims against Morton. (*See* Dkt. Nos. 52, 123, 174 & 176). Additionally, US Steel dismissed its cross claim against DBS. (Dkt. Nos. 36, 131). Therefore after the dust settled, Essex's declaratory judgment against Defendants DBS, Praxair, and US Steel (Dkt. No. 7) and DBS's cross action against Essex, Praxair, Frankenmuth, and US Steel (Dkt. No. 55) were the only remaining actions.

On July 23, 2014, this Court entered an Opinion and Order granting Essex's motion for summary judgment and dismissing DBS's counter claims against Essex. (Dkt. No. 218). As set forth in that Opinion and Order, the Court declared that DBS is not entitled to coverage pursuant to the Wharfinger Legal Liability Insurance Policy for the January 28, 2011 dock failure. (*Id*.).

---

[1] DBS and Morton also filed suit in Wayne County Circuit Court against Essex and Frankenmuth alleging breach of insurance contract and seeking a declaratory judgment based on the same incident, however the state court granted Essex's motion for summary disposition and dismissed the action. (*See* Dkt. No. 128, Pl.'s Mot. for Clarification, Ex. A State Court Order, case no. 11-010712-CZ). Defendant Praxair also filed in state court asserting claims against Morton and DBS. (*See* Dkt. No 216, Ex. W, Praxair State Complaint against DBS and Morton Salt, Inc., filed on October 1, 2012). Defendant US Steel thereafter intervened in the Praxair action (and as a result dismissed its cross claim in this Court as duplicitous). (*See* Dkt. No. 119, Ex. B, US Steel Motion to Intervene & Dkt. No. 131, Order granting voluntary dismissal).

[2] Frankenmuth is the carrier of DBS's general commercial insurance policy. (Dkt. No. 55, Cross Complaint at ¶¶ 18, 19).

Now, after addressing the ultimate claim in this action, whether DBS was entitled to coverage under the marine insurance contract and finding Essex entitled to summary judgment, the only viable claims remaining are those asserted by DBS in its cross complaint against Frankenmuth, Praxair and US Steel. (Dkt. No. 55).

In its cross complaint, DBS requests a declaratory judgment as to Frankenmuth regarding the coverage of a commercial general liability policy (*Id.*, Count IV, at ¶¶ 62-67) and also asserts a breach of contract claim against Frankenmuth (*Id.*, Count II, at ¶¶ 49-57).[3] However, where the parties are not diverse and no federal claims are asserted, there is no independent basis for jurisdiction to support DBS's remaining cross claims. (*See Id.*, at ¶ 2, DBS is a Michigan Corporation, with its principal place of business in River Rouge, Michigan; ¶ 4, Frankenmuth is a Michigan corporation with its principal place of business in Frankenmuth, Michigan). Therefore, as acknowledged by DBS in the cross complaint, jurisdiction for these claims are supported solely by supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (*Id.*, at ¶ 7, "this Court has supplemental jurisdiction over all related claims addressed by this Counter-Complaint and Cross-Claims under 28 U.S.C. § 1367).

The lack of any other jurisdictional basis was also noted by the Court in an earlier order: "[t]he sole basis for federal jurisdiction that has been asserted in this matter is [Essex's] claim of admiralty jurisdiction under 18 U.S.C. § 1333(1). There are no claims arising under federal statutes, and there is no diversity of citizenship among [any of] the parties." (Dkt. No. 113, at 5). The Court further noted that:

---

[3] The Court notes that DBS did not articulate any specific claims against Praxair (or US Steel) in its cross complaint but appears to believe Praxair is a necessary party. (*See* Dkt. No. 77, DBS Response to Praxair's motion to dismiss).

3

> [Essex]'s claims in the instant matter are [] limited to the dispute regarding coverage of the marine insurance policy between [Essex] and Defendants DBS and Morton. This is not a general negligence action. Furthermore, neither Defendants Praxair nor Frankenmuth [nor US Steel] is a party to the contract of marine insurance at issue.

(*Id*.). It was for these reasons, that the Court previously limited the relevant inquiry to whether the Essex was liable under the admiralty wharfinger insurance contract at issue and stayed all other pending matters. (*Id*. at 6). This stay included Praxair's pending Motion to Dismiss DBS's Cross Claims. (Dkt. No. 67).

"Supplemental jurisdiction is a doctrine of discretion not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Pursuant to 28 U.S.C. § 1367, a court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). A court, however, may decline to exercise supplemental jurisdiction over claims under four enumerated circumstances:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In the instant case, this Court has dismissed all claims over which it had original admiralty jurisdiction. (Dkt. No. 218). As there is no other basis for federal jurisdiction, pursuant to 28 U.S.C. § 1367(c)(4) the Court DECLINES supplemental jurisdiction over the

remaining claims against Praxair, US Steel, and Frankenmuth in DBS's Cross Complaint. This order closes the case.

SO ORDERED.

                                                            s/Paul D. Borman
                                                            PAUL D. BORMAN
                                                            UNITED STATES DISTRICT JUDGE

Dated: July 28, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2014.

                                                            s/Deborah Tofil
                                                            Case Manager